Form: ICB-19001-01 rev. 01

| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

Order Filed on August 10, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

    Brian E. Ward

                      Debtor(s)

Case No.: 17-32381 (ABA)

Hearing Date: 08/10/2022

Judge:    Andrew B. Altenburg, Jr.

**ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two(2) through four(4) is hereby

**ORDERED**.

DATED: August 10, 2022

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2 of 4
Debtor: Brian E. Ward
Case No.: 17-32381 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The modified plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with, particularly 11 USC § 1329; and for good cause show, it is

**ORDERED** that the modified plan of the above named debtor, dated 06/02/2022, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of $370.00 **for a period of 4 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together with $10,415.00 paid to date.

**ORDERED** that debtor shall pay.

Base dividend to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the Court.

Page 3 of 4
Debtor: Brian E. Ward
Case No.: 17-32381 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.R.Bank. P.3002.

Page 4 of 4
Debtor: Brian E. Ward
Case No.: 17-32381 (ABA)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration of the applicate bar date.  If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the benefit of the unsecured creditors.

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be used for the benefit of the unsecured creditors.

**ORDERED** as follows:

   Pursuant to debtor's Chapter 13 Plan as last amended, the secured claim of Lakeview Loan Servicing will be paid outside of the Chapter 13 Plan pursuant to a loan modification agreement. The Standing Trustee shall make no payments to Lakeview Loan Servicing on account of pre-petition arrears set forth in the proof of claim dated March 6, 2018 and amended September 27, 2018 and on account of post-petition arrears set forth in the proof of claim dated October 15, 2021. Total plan length of 60 months.

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 17-32381-ABA
Brian E. Ward  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1      User: admin      Page 1 of 2
Date Rcvd: Aug 10, 2022      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 12, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Brian E. Ward, 200 Union Ave., Runnemede, NJ 08078-1449 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 12, 2022      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 10, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor LakeView Loan Servicing LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor Lakeview Loan Servicing LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Kevin Gordon McDonald | on behalf of Creditor Lakeview Loan Servicing LLC kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Phillip Andrew Raymond | on behalf of Creditor LakeView Loan Servicing LLC phillip.raymond@mccalla.com, mccallaecf@ecf.courtdrive.com |

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 2 of 2 |
| Date Rcvd: Aug 10, 2022 | Form ID: pdf903 | Total Noticed: 1 |

Rebecca Ann Solarz
    on behalf of Creditor LakeView Loan Servicing  LLC rsolarz@kmllawgroup.com

Thomas G. Egner
    on behalf of Debtor Brian E. Ward tegner@mcdowelllegal.com
    tcuccuini@mcdowelllegal.com;Lwood@mcdowelllegal.com;kgresh@mcdowelllegal.com;kbrocious@mcdowelllegal.com;djamison@mcdowelllegal.com;cgetz@mcdowelllegal.com;egnertr62202@notify.bestcase.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 9